UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONMACO/REACTOR L.P. | CIVIL ACTION |
| VERSUS | NO. 05-2517 |
| SHAW & SONS EQUIPMENT RENTAL, INC., d/b/a SHAW & SONS AND DORE & ASSOCIATES | SECTION: "C" |

## ORDER AND REASONS

Before this Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Improper Venue or, in the alternative, Motion to Transfer Venue (Rec. Doc. 33) filed by Defendant, Shaw & Sons Equipment Rental, Inc. ("Shaw"). The other Defendant, Dore & Associates ("Dore") does not oppose the motion but requests transfer to a venue different than that suggested by Shaw. Plaintiff, Conmaco/Reactor L.P. ("Conmaco") opposes the motion. The motion is before the Court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Improper Venue is **GRANTED**.

I. BACKGROUND

Conmaco filed for bankruptcy in the Bankruptcy Court for the Eastern District of Louisiana on February 27, 2004. During the pendency of the bankruptcy case, Conmaco rented

an American Model 5300 Crawler Crane to Shaw through its rental facility in Kansas City, Kansas. Shaw, in turn, re-rented the crane to Dore. Dore used the crane for a demolition project in Kansas City, Kansas. Conmaco claims that the crane was returned in a damaged condition and that Shaw allegedly owes rental payments for the crane. As a result, it filed an adversary complaint against the defendants on May 5, 2005 in the bankruptcy court seeking damages in the amount of $62,051.09.

The Bankruptcy Court approved Conmaco's plan for reorganization on May 9, 2005 and entered an order confirming the plan on June 2, 2005. Then, on June 21, 2005, Shaw filed a Motion to Withdraw Reference (Rec. Doc. 1) with this Court, which was subsequently granted. On October 18, 2005, Shaw filed this motion under Federal Rule of Civil Procedure 12(b)(1) arguing that this Court lacks jurisdiction over the case. Specifically, Shaw asserts that this case does not fall under Title 11, i.e. there is no jurisdiction under 28 U.S.C. § 1334(b), and that the jurisdiction amount requirement is not satisfied for diversity jurisdiction. Furthermore, Shaw claims that the Eastern District of Louisiana is an improper venue for this action. As a result, Shaw argues that this case should be dismissed for lack of jurisdiction or improper venue or in the alternative that the case should be transferred to the District of Kansas.

**II. ANALYSIS**

**A. SUBJECT MATTER JURISDICTION**

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule(b)(6) motion. *U.S. v. City of New Orlenas,* 2003 WL 22208578 at *1 (E.D.La.); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). The moving party

bears the burden of showing that the "plaintiff can prove no set of facts consistent with the allegations in the complaint which would entitle it to relief." *Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.3d 879, 881 (5th Cir. 1986). The reviewing court "must accept all well-pleaded factual allegations in the light most favorable to the non-moving party." *American Waste & Pollution Control Co. v. Browning Ferris Inc.,* 949 F.2d 1384, 1386 (5th Cir. 1991). Conclusory allegations or legal conclusions however will not suffice to defeat a motion to dismiss. *See, Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.,* 74 F.3d 657, 659 (5th Cir. 1996) (citations omitted).

In their complaint, Conmaco alleges that the Bankruptcy Court had jurisdiction over the matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334(b) and Bankruptcy Rule 7001. Title 28 Section 1334(b) of the United States Code provides in pertinent part that: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In this case, Conmaco claims that the adversary proceedings against Shaw arise under Title 11 and thus there is subject matter jurisdiction over the claim. More specifically, Conmaco argues that its adversary claims against Shaw are the property of the bankruptcy estate. Shaw disagrees. It argues that this case does not arise under Title 11 because it is a post bankruptcy petition breach of contract claim.

In *Conmaco/Reactor L.P. v. Deco Companies, Inc.*, 348 B.R. 362 (Bankr. E.D. La. 2005),

3

the bankruptcy court faced this same issue. That adversary proceeding arose within Conmaco's same bankruptcy case as this adversary proceeding. On February 18, 2005, Conmaco brought an adversary proceeding against Deco for amounts due on a contract. *Id.* at 364. The bankruptcy court affirmed Conmaco's reorganization plan on May 9, 2005 and then heard Deco's motion to dismiss on May 18, 2005. *Id.* at 364-65. As it does here, Conmaco argued that the claims against Deco were part of the bankruptcy estate. *Id.* at 365. The bankruptcy court disagreed and held that the post bankruptcy petition claim for damages by a debtor whose plan had already been confirmed does not fall under Title 11. *Id.* at 366. Furthermore, the bankruptcy court said that the bankruptcy estate no longer existed and that no evidence existed that the matter related to the implementation or execution of the plan. *Id.* Thus, Federal bankruptcy jurisdiction, with nationwide service of process, could not be claimed. *Id.* The court held that there was no subject matter jurisdiction. *Id.*

The same holds true here. Conmaco instituted this adversary proceeding on My 5, 2005 against Shaw for damages to the crane and unpaid rentals that occurred after it filed for bankruptcy. This motion to dismiss is set for hearing on November 8, 2006. Similarly to Conmaco's adversary proceeding against Deco, this action was instituted, in part, for contractual claims that arose after Conmaco filed its bankruptcy petition and the motion to dismiss is being heard after the bankruptcy court approved Conmaco's reorganization plan. Thus, there is no longer a bankruptcy estate and there is no evidence that this matter relates to the implementation or execution of the reorganization plan. As a result, there is no subject matter jurisdiction under 28 U.S.C. § 1334(b) for these state law causes of action.

Furthermore, there is no diversity jurisdiction under 28 U.S.C. § 1332 . The district

courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006).  For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).  Here, the parties are citizens of different states. Conmaco is a Louisiana corporation with its principal place of business in Louisiana, whereas Shaw is a Missouri corporation with its principal place of business in Missouri and Dore is an Indiana Corporation with its principal place of business in Michigan.  However, Conmaco's complaint asks for $62,05.09.  Thus, the jurisdictional amount is not met and there is no diversity subject matter jurisdiction.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Improper Venue is **GRANTED** .

New Orleans, Louisiana, this 27th day of November, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE